# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTON R. SHAFER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVENAL STATE PRISON,<br><br>　　　　　Defendant. | Case No.  1:14-cv-00846-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 5)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true,

2

legal conclusions are not. *Id.* at 667-68.

**III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff claims that Defendants Avenal State Prison ("ASP") and ASP Classification Committee members Munoz, Hatten, and Lopez improperly classified him. As a result he received less good time credit than he was eligible for under remedial orders issued in the *Plata* and *Coleman* (collectively "*Plata*") class actions regarding prison overcrowding.[1]  Plaintiff's complains that his grievance on this issue was improperly rejected. He seeks an order allowing him additional good time credits.

**IV.    DISCUSSION**

    **A.    Avenal State Prison**

Plaintiff may not proceed against ASP. The Eleventh Amendment "erects a general bar against federal lawsuits brought against a state." *Wolfson v. Brammer,* 616 F.3d 1045, 1065–66 (9th Cir. 2010), quoting *Porter v. Jones,* 319 F.3d 483, 491 (9th Cir. 2003). ASP is a facility of the California Department of Corrections and Rehabilitation, a state agency, and is entitled to Eleventh Amendment immunity in this action.

    **B.    Official Capacity – Prospective Relief**

The Eleventh Amendment does not bar a claim for prospective declaratory or injunctive relief against state officials in their official capacity. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-06 (1984); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

An official capacity claim is one in which California Department of Corrections and Rehabilitation system-wide decision making authority or policy or practice was the

---

[1] The Court takes judicial notice of *Coleman v. Brown, et al.*, case number 2:90-cv-00520 LKK DAD P (E.D. Cal.) and *Plata v. Brown et al.*, case number C01-1351 TEH (N.D. Cal.).

3

moving force behind the alleged rights violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Complaint does not allege facts demonstrating the individually named Defendants acted in an official capacity.

If Plaintiff chooses to amend, he should allege facts showing how individually named Defendants took official action which violated his federal rights and harmed him.

### C.     Goodtime Credits – *Heck* Bar

A state prisoner cannot challenge the fact or duration of his confinement in a § 1983 action. His sole remedy lies in habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Plaintiff seeks an order that he be provided "eligible [good time] credit earning." This claim appears to be *Heck* barred since such relief would compel a speedier release.

If Plaintiff chooses to amend, he should explain how, if he were to obtain the relief requested in this action, the duration of his confinement would not be affected.

4

**D.     Overcrowding**

   1.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006), citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010).

Prison overcrowding violates federal rights only where plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1248–49 (9th Cir. 1982) abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution).

Plaintiff fails to allege facts demonstrating overcrowded conditions caused him harm through increased violence, reduction in required services, or conditions unfit for habitation. See *Balla*, 869 F.2d at 471.

If Plaintiff chooses to amend, he should allege facts that overcrowding caused an increase in violence or reduction in services or unfit habitation harming him.

   2.   *Coleman*/*Plata* Remedial Litigation

The class action remedial orders issued in *Plata* to reduce prison populations do

not create a substantive right for purposes of a civil rights action. See *Hooker v. Kimura—Yip*, 2012 WL 4056914, at *3 (E.D. Cal. Sept.14, 2012), report and recommendation adopted in part and rejected in part by *Hooker v. Kimura-Yip*, 2013 WL 6334937, at n.2 (E.D. Cal. December 5, 2013) (finding that remedial orders in *Plata* did not provide an "independent cause of action" under § 1983 because they did not "have the effect of creating or expanding plaintiff's constitutional rights"); *Yocom v. Grounds*, 2012 WL 2254221, at * 6 (N.D. Cal. June 14, 2012) (same).

Thus, *Plata* by itself does not provide any substantive right on which Plaintiff can rely. Nor does *Plata* stand for the proposition that federal district courts can order state officials to release specific prisoners. See *Nagast v. Dep't of Corr.*, 2012 WL 1458241, at * 3 (C. D. Cal. Feb. 28), citing *Plata*, 131 S.Ct. at 1922, accepted by 2012 WL 1463317 (C.D. Cal. April 26, 2012) (dismissing with prejudice claim seeking to compel court to release plaintiff based on *Plata* because only three-judge court has statutory authority to make such decisions).

"Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action." See *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); see also *Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979). As there is no indication that Plaintiff seeks relief other than that provided by the class action(s), he is barred from maintaining a separate suit for equitable relief.

Plaintiff should pursue relief covered by the class decree through class counsel. Accord *McNeil*, 945 F.2d at 1166 n.4 ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action").

### E.  Classification

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Prison officials are generally required to provide certain procedural notice and hearing safeguards before taking adverse classification action. See 15 Cal. Code Regs. § 3375.

Assuming a liberty interest is implicated in Plaintiff's classification impacting his good time credit earning, see *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.1997), any claim that he was adversely denied the procedural due process protections guaranteed by federal law is not factually supported.

If Plaintiff chooses to amend, he should explain what procedural process due him in his classification impacting his goodtime credit earning was denied.

### F.  Grievance

Plaintiff seems to claim that his prison grievance was improperly rejected. However, "[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993), citing *Azeez v. DeRobertis,* 568 F.Supp. 8, 10 (D.C. Ill. 1982). Plaintiff does not have an independent due process claim of entitlement to a grievance procedure.

7

*Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988); *Ramirez v. Galarza,* 334 F.3d 850, 860 (9th Cir. 2003).

This claim fails and amendment would be futile.

## V.     CONCLUSIONS AND ORDER

The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed May 19, 2014,

2. Plaintiff's § 1983 Complaint (ECF No. 5) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from

service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:  July 11, 2014                              /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE